■ KRISTOFER KWANT, an Infant, by His Mother and Natural Guardian, MARY A. KWANT, et al., Respondents, v D. JACKSON COLEMAN et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about December 16, 1988, which vacated that court's prior order of February 27, 1988, which had precluded plaintiff's personal physician from testifying at trial, unanimously affirmed, without costs.

In this medical malpractice action involving a plaintiff who was five years old at the time of the injury, the court origi-

nally ordered plaintiff's counsel to turn over notes in the possession of plaintiff's physician, a nonparty witness, existence of which had been ascertained at an examination before trial, by a date three weeks hence. When the notes were not timely turned over to defendants, the court precluded the physician's testimony. However, upon plaintiff's showing that during that period, and for some time subsequent to the preclusion order, the physician had been out of the country, had not been notified of the order, that the records were not in counsel's possession, and that the records were turned over eventually, the court vacated that order by the present order herein appealed.

The motion court was empowered to relieve plaintiff of the effect of its prior order, for excusable default, on motion, "upon such terms as may be just" (CPLR 5015 [a] [1]). Defendants are not persuasive on appeal that the court abused its discretion. Nor are defendants persuasive that, in viewing CPLR 3101 (d) (1) (i), the court failed to "make whatever order may be just". Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.